IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| RICKY BERNARD McCOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 620-083 |
| ) | |
| MR. TREVONZA BOBBITT; ) | |
| MRS. VALERIE JACKSON; ) | |
| MRS. JUANITA SHARPE; ) | |
| MR. ROBERT TOOLE; ) | |
| MR. TIM WARD; ) | |
| MR. STAN SHEPARD; ) | |
| MS. JONES (HSA); ) | |
| MS. CHESTER (Counselor); ) | |
| UNIT MANAGER OVER MEDICAL; ) | |
| and JOHNS and JEAN DOES, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Georgia State Prison in Reidsville, Georgia, commenced the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP").

**I. DISCUSSION**

On September 2, 2020, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and advised Plaintiff all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned failure to respond would be an election to

have this case voluntarily dismissed without prejudice.  (See doc. no. 4.)  On October 5, 2020, the Court granted Plaintiff an extension of time until October 21, 2020, to return the necessary IFP papers.  (See doc. no. 7.)  The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's September 2nd Order.  Nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to collection of the entire $350.00 filing fee in installments.  Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (citing 28 U.S.C. § 1915).  Plaintiff has been warned that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed.  As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the full filing fee, the case should be dismissed.

## II.  LEAVE TO APPEAL IFP

The Court should also deny Plaintiff leave to appeal IFP.  Although Plaintiff has not yet filed a notice of appeal, it is appropriate to address these issues now.  See Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court - - before or after the notice of appeal is filed - - certifies that the appeal is not taken in good faith . . . .").  An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  See id.; 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. See Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing Coppedge v. United States, 369 U.S. 438 (1962)).  A party does not proceed in good faith when seeking to advance a frivolous claim or argument.  See Coppedge, 369 U.S. at 445.  A claim or

argument is frivolous when, on their face, the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*). Stated another way, an IFP action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. CV 407-085, CR 403-001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith. Thus, the Court should deny Plaintiff IFP status on appeal.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**. The Court further **RECOMMENDS** Plaintiff be **DENIED** leave to appeal IFP.

SO REPORTED and RECOMMENDED this 5th day of November, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA